IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MONSON AND SONS, INC., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Docket No.: |
| v. ) | |
| ) | |
| FITZGERALD TRUCK SALES, INC., ) | |
| PACCAR, INC., and R.H. SHEPHARD ) | |
| COMPANY, INC., ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT

Comes now the plaintiff, Monson and Sons, Inc., and sues the defendants, Fitzgerald Truck Sales, Inc., Paccar, Inc., and R.H. Sheppard Company, Inc., and for cause of action states as follows:

## PARTIES

1. Monson and Sons, Inc., is a corporation with a principle place of business in the State of Iowa.

2. Fitzgerald Truck Sales, Inc., is a Tennessee Corporation with its principle place of business in Smyrna, Tennessee.

3. PACCAR, Inc. is a Washington State Corporation with its principle place of business in Bellevue, Washington.

4. PACCAR, Inc. is the parent corporation to Kenworth which is an unincorporated division of PACCAR.

5. R.H. Sheppard Company, Inc. is a Pennsylvania Corporation with its principle place of business in Hanover, Pennsylvania.

## NATURE OF THIS ACTION

6. This is an action brought by Monson and Sons, Inc. against the defendants based upon damages sustained by Monson and Sons, Inc. to their 2014 Kenworth tractor as a result of a failure of the steering components of said tractor. This accident happened on March 28, 2015 in the State of Kentucky. The 2014 Kenworth tractor which suffered the steering failure was a motor vehicle purchased from Fitzgerald Truck Sales Inc., a/k/a Fitzgerald Gliders, which was assembled and completed in Tennessee by the defendant, Fitzgerald Truck Sales, Inc., a/k/a Fitzgerald Gliders using components purchased from Paccar, Inc including steering components supplied by R.H. Sheppard Company, Inc. This action seeks recovery based upon breach of implied warranty, negligence and breach of contract.

## JURISDICTION AND VENUE

7. The plaintiff's cause of action arises out of conduct of the defendants in the State of Tennessee. The defendant, Fitzgerald Truck Sales, Inc., assembled the Kenworth tractor in the State of Tennessee, after receiving component parts from the defendant, PACCAR, Inc., which included the steering components. This Court has jurisdiction over the subject matter of the civil action pursuant to U.S.C. § 1332(a) in that the defendant, Fitzgerald Truck Sales, Inc., was at all times relevant hereto a Tennessee Corporation doing business in the State of Tennessee. The defendant, PACCAR, Inc., is a Delaware corporation with its principle place of business in Bellevue Washington. The defendant, R.H. Sheppard Company, Inc., is a Pennsylvania Corporation doing business in Hanover, Pennsylvania. The plaintiff, Monson and Sons, Inc., is an Iowa corporation with its principle place of business in the Brit, Iowa, thus, there is complete diversity of jurisdiction between the parties. Venue is proper in this Court.

8. Plaintiff's cause of action arises out of a truck sale between a buyer from Iowa and a company in Tennessee which assembles components for Kenworth tractors, which were sold by PACCAR, Inc., the parent company of Kenworth, an unincorporated division of PACCAR, Inc. PACCAR, Inc. regularly does business in the state of Tennessee with Fitzgerald Truck Sales, Inc. and others and, thus, has sufficient contacts within the State of Tennessee to confer jurisdiction upon this Court.

9. The defendant, R.H. Sheppard Company, Inc., manufactures and sells steering components to companies such as PACCAR, Inc. and Fitzgerald Truck Sales, Inc., and does so on a regular basis and, thus, has sufficient contacts within the State of Tennessee to confer jurisdiction upon this Court.

10. The amount in controversy in this litigation exceeds $75,000.00.

## BACKGROUND FACTS

11. In early 2014, Monson and Sons, Inc. purchased from Fitzgerald Truck Sales, Inc. the 2014 Kenworth T660 tractor, vehicle identification number 1NKAGGGGS0J437027.

12. Upon information and belief, the components for the Kenworth T660 tractor were assembled by Fitzgerald Truck Sales within the State of Tennessee and delivery was made to Monson and Sons, Inc. in August of 2014.

13. Upon information and belief, plaintiff avers that some of the components supplied to Fitzgerald Truck Sales, Inc. included steering components produced, manufactured and sold by R. H. Sheppard Company, Inc. of Hanover, Pennsylvania.

14. After the tractor was delivered to Monson and Sons, Inc., the tractor was placed into service performing over the road hauling of materials for commercial purpose.

15. Plaintiff avers that the Kenworth T660 tractor here in question was properly maintained and serviced at all times from its delivery to Monson and Sons, Inc. until the accident occurred on March 28, 2015.

16. Plaintiff avers that on March 28, 2015, the Kenworth T660 tractor trailer in question was being driven by Carl Moeglinger, a person competent to operate the tractor and a person duly licensed to operate the tractor. The driver, Carl Moeglinger, was an employee of Monson and Sons, Inc. at the time the accident occurred.

17. Plaintiff avers that on March 28, 2015, on I-69 South in the State of Kentucky, that Carl Moeglinger was operating the 2014 Kenworth T660 tractor in a proper and appropriate manner when suddenly and without warning, the control of the tractor became impossible and the driver was unable to steer the same. At the same time and place, the tractor with a load of fresh meat in the trailer it was towing, veered out of control, crashed and was destroyed.

18. Plaintiff avers that this accident was caused by either a defect in the steering mechanism, or negligent and improper installation of the steering mechanism. As a result of the crash, the tractor was a complete loss and the plaintiff, Monson and Sons, Inc., incurred expenses incident to the crash in order to preserve the cargo and remove the debris.

## **COUNT I. BREACH OF CONTRACT**

19. Monson and Sons, Inc. incorporates and alleges paragraphs 1 through 18 of this Complaint herein by reference.

20. Plaintiff avers that the defendant, Fitzgerald Truck Sales, Inc., breached its contract with the plaintiff by failing to supply to the plaintiff a Kenworth tractor which was free of defects and road worthy as the customer, Monson and Sons, Inc., would have expected. Such breach of contract has caused damages to Monson and Sons, Inc.

21. The defendant, PACCAR, Inc., breached its contract to Fitzgerald Truck Sales, Inc. by failing to provide to Fitzgerald Truck Sales, Inc. the 2014 Kenworth T660 tractor components here in question in a proper and merchantable condition.

22. The defendant, PACCAR, Inc., failed to provide Fitzgerald Truck Sales, Inc. with the components for the 2014 Kenworth T660 tractor in such a condition that once assembled the Kenworth tractor could be utilized by Monson and Sons, Inc. as an over the road tractor used for commercial purposes.

23. Plaintiff avers that Monson and Sons, Inc. was a third-party beneficiary to the contract between Fitzgerald Truck Sales, Inc. and PACCAR, Inc. and has suffered damages as a result of the breach of the contract by PACCAR, Inc.

24. As a result of this breach of contract by PACCAR, Inc. the plaintiff, Monson and Sons, Inc., has suffered damages by the loss of the Kenworth T660 tractor and other costs incident to the accident.

25. Plaintiff avers that the defendant, R.H. Sheppard Company, Inc., contracted to supply steering components to PACCAR, Inc., or Fitzgerald Truck Sales, Inc. for use on the 2014 Kenworth T660 tractor here in question. The steering components supplied would have been required to have been proper and appropriate for use by the 2014 Kenworth T660 tractor and, in fact, they were not. Thus, R.H. Sheppard Company, Inc. breached its contract with PACCAR, Inc. and/or Fitzgerald Truck Sales, Inc. by supplying steering components which were defective and negligently designed or manufactured.

26. The plaintiff, Monson and Sons, Inc., aver that it is a third-party beneficiary to the contract between R.H. Sheppard Company, Inc. and PACCAR, Inc. and/or Fitzgerald Truck Sales, Inc. and the breach of such contract has caused the third-party beneficiary, Monson and Sons, Inc.,

to suffer damages by the loss of the 2014 Kenworth T660 tractor and the expenses incident to the crash.

## COUNT II. BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

27. Monson and Sons, Inc. incorporates by reference and adopts paragraphs 1 through 22 of this Complaint herein by reference.

28. The defendants and each of them knew, or reasonably should have known that the tractor in question and all of the components used therein, would be used for its particular purpose as an over the road tractor used for commercial purposes.

29. The defendants and each of them impliedly warranted that the tractor and all components thereon was in a condition that was suitable for its particular purpose.

30. The tractor and/or its components was not suitable for the particular purpose for which it was intended and sold.

31. The defendants and each of them breached the implied warranty of fitness for a particular purpose by designing, manufacturing, producing, assembling, marketing, selling and otherwise placing into the stream of commerce a product that did not meet the standards of the Implied Warrant of Fitness for a Particular Purpose as that term is defined by Tennessee law.

32. As a result of the defendants' breach of the Implied Warranty of Fitness for a Particular Purpose, the steering components on the 2014 Kenworth failed and the tractor was destroyed. As a result of the failure of the steering component, the plaintiff, Monson and Sons, Inc., has suffered damages in excess of $100,000.00.

## COUNT III. NEGLIGENCE

33. Monson and Sons, Inc. alleges and incorporates each and every paragraph of this Complaint as set forth fully herein.

34. The defendants and each of them owed a duty to Monson and Sons, Inc. to use ordinary and/or reasonable care in designing, manufacturing, supplying and assembling the 2014 Kenworth tractor such that it would be free from defects and design, material, manufacture, assembly and/or workmanship. The defendants further owed the plaintiff, Monson and Sons, Inc, a duty to warn the plaintiff of any dangerous defects or conditions in the 2014 tractor which the defendants knew or should have known existed.

35. Based upon information and belief, the defendant, PACCAR, Inc., breached its duties owed to the plaintiff, Monson and Sons, Inc., including but not limited to:

    a. Supplying a steering component part which it knew or should have known had a potential or likelihood of failure.

    b. Allowing the potential failure to exist in a product such as the 2014 Kenworth tractor which failure could have catastrophic consequences by failing to properly market and properly sale or properly place into the stream of commerce a safe product that was free from defects and unreasonably dangerous conditions.

    c. Failing to adequately, properly and safely inspect and/or test the steering components which would have revealed the existence of the defective and unreasonably dangerous condition.

36. The defendant, Fitzgerald Truck Sales, Inc., breached its duty to Monson and Sons, Inc. by including but not limited to the following:

a. By creating a product in an unreasonably dangerous and hazardous condition at the time of the sale of the product.

b. By failing to gather proper information regarding the steering components supplied by R.H. Sheppard Company, Inc. and the failure history of the same.

37. The defendant, R.H. Sheppard Company, Inc., breached its duty owed to Monson and Sons, Inc. in multiple ways including but not limited to the following:

a. Creating a product in an unreasonably dangerous and hazardous condition at the time of the sale of production.

b. By allowing an unreasonably dangerous and hazardous condition to exist in their steering components.

c. By failing to properly and adequately design, manufacture, produce, assemble, distribute, market and sell or place into the stream of commerce, a safe product that was free from defects and unreasonably dangerous conditions.

d. Failing to adequately, properly and safely inspect and/or test the steering component which would have revealed the existence of a defective and unreasonably dangerous condition and the magnitudes of the risks involved.

e. Failure to properly and adequately make necessary modifications or adjustments to the steering component so as to correct defective or unreasonably dangerous conditions that upon reasonable inspection would have been discovered. By failing to discover the defective and unreasonable dangerous condition in the steering component which were readily apparent to one experienced in steering component design and manufacturing by failing to exercise the requisite degree of care and caution in the design, manufacture, production, assembly, distribution, marketing and sale of the steering component.

f.  By failing to provide, establish and follow proper and adequate quality control so as to provide a safe product.

g.  Failure to use due care in the design, manufacturing, distribution and sale of the steering component.

As a result of the defendants' negligence, breach of contract, and breach of warranty, the plaintiff, Monson and Sons, Inc., has incurred damages in an amount which exceeds $100,000.00. The defendant's conduct, as set forth above, is the cause in fact and the proximate cause of the plaintiff's damages.

WHEREFORE AND FOR ALL OF WHICH the plaintiff, Monson and Sons, Inc., respectfully requests:

1. That proper process issue and the defendants be served with a copy of this Complaint.
2. That it be awarded a judgment against the defendants in an amount proven at trial and presently estimated to be not less than $200,000.00.
3. That it be awarded a judgment for all of its costs, discretionary costs, expenses, including reasonable attorney fees and pre-judgment interest at the maximum legal rate.
4. To have such other, further and general relief to which they may be entitled.
5. **Plaintiff demands a jury to try all issues**.

Respectfully submitted,

**THOMAS MINK & ASSOCIATES, PLLC**

/s/ Thomas F. Mink, II_____
Thomas F. Mink, II, BPR # 006067
William M. Leech III BRR #030515
P.O. Box 198742
Nashville, Tennessee 37219-8742
(615) 256-0138
(615) 730-5997 Fax
tmink@tfmlawadr.com
wleech@tfmlawadr.com

Attorneys for Defendants